**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 30 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CITY OF HUNTINGTON BEACH, a California Charter City and Municipal Corporation; HUNTINGTON BEACH CITY COUNCIL; TONY STRICKLAND, Mayor of Huntington Beach; GRACEY VAN DER MARK, Mayor Pro Tem of Huntington Beach, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> GAVIN NEWSOM, in his official capacity as Governor of the State of California; GUSTAVO VELASQUEZ, in his official capacity as Director of the State of California Department of Housing and Community Development; CALIFORNIA DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT; DOES, 1-50, inclusive; SOUTHERN CALIFORNIA ASSOCIATION OF GOVERNMENT, <br><br> Defendants - Appellees. | No. 23-3694 <br><br> D.C. No. 8:23-cv-00421-FWS-ADS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted October 21, 2024
Pasadena, California

Before: TALLMAN, R. NELSON, and BRESS, Circuit Judges.

The City of Huntington Beach and several City officials sued to challenge the constitutionality of certain California housing laws. The district court dismissed their complaint, holding that under circuit precedent, each Plaintiff lacked standing to raise federal constitutional claims against the state. *See City of S. Lake Tahoe v. Cal. Tahoe Reg'l Plan. Agency*, 625 F.2d 231 (9th Cir. 1980). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The City's claims are foreclosed by our decision in *South Lake Tahoe*, which forbids political subdivisions and their officials from challenging the constitutionality of state statutes in federal court. 625 F.2d at 233–34, 238. We have consistently applied that rule ever since. *See, e.g.*, *Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) ("This court . . . has not recognized any exception to the per se [standing bar], and the broad language of *South Lake Tahoe* appears to foreclose the possibility of our doing so.").

We are not persuaded by the City's efforts to differentiate *South Lake Tahoe*. The City argues that our standing bar does not apply because Huntington Beach is a charter city, which it claims is not a "political subdivision." Yet our precedent has applied *South Lake Tahoe*'s standing rule to California's charter cities. *See Burbank*, 136 F.3d at 1364. And recent California appellate decisions interpreting the term

"political subdivision" in specific state statutes do not undermine *Burbank*'s analysis. *See, e.g.*, *City of Redondo Beach v. Padilla*, 46 Cal. App. 5th 902, 912–13 (2020).

In any case, the City's federal standing does not turn on the intricacies of California law. *Hollingsworth v. Perry*, 570 U.S. 693, 715 (2013) ("[S]tanding in federal court is a question of federal law, not state law."). No matter how California categorizes charter cities, they remain subordinate political bodies, not sovereign entities. *See Reynolds v. Sims*, 377 U.S. 533, 575 (1964). That subsidiary status brings charter cities within the rule of *South Lake Tahoe*, which relied on Supreme Court precedent holding that municipal corporations such as the City of Huntington Beach lack federal constitutional rights against their parent states. 625 F.2d at 233 (citing *Williams v. Mayor & City Council of Balt.*, 289 U.S. 36, 40 (1933) ("A municipal corporation, created by a state for the better ordering of government, has no privileges or immunities under the Federal Constitution which it may invoke in opposition to the will of its creator.")).

2. The City officials also lack standing. Under *South Lake Tahoe*, public officials cannot assert claims in federal court based on "private constitutional predilections." 625 F.2d at 238. The City officials' objections to the Statement of Overriding Considerations are the kinds of "personal dilemmas" that *South Lake Tahoe* rejected as the basis for individual standing. *Id.* at 237. Moreover, Plaintiffs

do not explain how they suffered a constitutional injury absent their roles as local officials. *See Thomas v. Mundell*, 572 F.3d 756, 760–61 (9th Cir. 2009). So while the City officials retain personal free speech rights, *see, e.g.*, *Lindke v. Freed*, 601 U.S. 187, 196 (2024), they cannot invoke those rights to avoid executing "laws within their charge," *South Lake Tahoe*, 625 F.2d at 238.

Because each Plaintiff lacks standing, we need not consider whether abstention is proper under *Younger v. Harris*, 401 U.S. 37 (1971).

**AFFIRMED.**[1]

---

[1] We grant Appellants' motion for judicial notice, Dkt. 13, of the Petition for Writ of Mandate filed in the California Court of Appeal. *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).